Daniel G. Ruggiero, Esq. (412574)
275 Grove Street, Suite 2-400
Newton, MA 02466
T: (339) 237-0343
F: (339) 707-2808
E: druggieroesq@gmail.com
Attorney for Plaintiff,
*Christyna Ziegler*

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTYNA ZIEGLER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WELTMAN, WEINBERG & REIS CO., LPA,<br><br>　　　　Defendant. | **Case No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1. FDCPA, 15 U.S.C. § 1692<br>　2. Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 *et seq.*<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Christyna Ziegler ("Plaintiff"), through her attorneys, alleges the following against Weltman, Weinberg & Reis Co., LPA ("Defendant"):

## INTRODUCTION

1. Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in seeking to collect on an alleged debt, thereby violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the

Connecticut Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 *et seq*.

2. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

3. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

4. Jurisdiction of the court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692 and 47 U.S.C. § 227.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

7. Plaintiff Christyna Ziegler is a natural person residing in Bristol, Hartford County, Connecticut.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Plaintiff is a "consumer debtor" as defined by CCPA § 36a-645a(1).

10. At all relevant times herein, Defendant, Weltman, Weinberg & Reis Co., LPA, was a law firm engaged in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. § 1692a(5) and CCPA § 36a-645(3). Defendant regularly attempts to collect debts alleged to be due another, and there

is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and is a "creditor" as defined by CCPA § 36a-645(2).

11. Defendant is a debt collector with its principal place of business located in Brooklyn Heights, OH. Defendant can be served with process at 965 Keynote Circle, Brooklyn Heights, OH 44131.

12. Defendant acted through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. On or about May 24, 2017, Plaintiff filed a Complaint against Navient Solutions, Inc., ("Navient") for violations of the Telephone Consumer Protection Act and the CT Gen. Stat. § 365a-645 *et seq.* (Case No: 3:17-cv-00867-SRU)

14. Navient Solutions, despite being served with a federal lawsuit and knowing Plaintiff was represented by counsel, continued to call and email Plaintiff directly.

15. Plaintiff filed a First Amended Complaint against Navient Solutions on June 1, 2017 to include facts additional facts related to Navient's continued unlawful conduct.

16. Despite being served with the first amended complaint, Navient continued to call and email Plaintiff; they also sent collection letters.

17. The conduct was so brazen that on June 13, 2017 Plaintiff filed a Second Amended Complaint.

18. On or about June 19, 2017, Navient's counsel was made aware of the post litigation collection activity both by email receipt of the 2nd Amended Complaint as well as email by Counsel that Navient continued to communicate with Plaintiff despite knowing she was represented by Counsel.

19. On or about September 30, 2017 Plaintiff received a collection letter from Defendant dated September 13, 2017.

20. The collection letter indicated that the Loan Servicer was Navient Solutions, Inc., and the account was placed with the Defendant to collect the outstanding balance due.

21. On or about October 6, 2017, Plaintiff sent a dispute to Defendant and requested that they validate the debt.

22. Defendant knew or should have known that Plaintiff was represented by Counsel since Plaintiff had been in litigation regarding the debt with Navient since May 25, 2017.

23. Defendant's conduct in attempting to improperly collect on a debt by communicating with the Plaintiff violated the FDCPA and CCPA, by:

    a. Communicating with the Plaintiff in connection with the collection of a debt, even though the Defendant knows the Plaintiff is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. 15 U.S.C. § 1692c(a)(2) and Conn. Agencies Reg. § 36a-647-4(a)(2).

24. The conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt out of fear that she would be sued.

25. As a result of the above violations of the FDCPA and CCPA § 36a-646; 647, Plaintiff suffered injury to Plaintiff's feelings including stress and mental anguish and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I

### (Violations of the FDCPA, 15 U.S.C. § 1692)

26. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

27. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

    b. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with a consumer that the debt collector knows is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

28. Defendant's acts, as described above, were done knowingly and willfully.

29. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT II

### (Violation of the Connecticut General Statute § 36a-645 *et seq.*)

30. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

31. Defendant violated CCPA § 36a-645 *et seq*. Defendants violations include, but are not limited to, the following:

    a. Defendant violated CCPA § 36a-646, by collecting or attempting to collect a consumer debt using abusive, harassing, fraudulent, deceptive, or misleading representation.

    b. By communicating with the Plaintiff in connection with a debt when the Defendant knew that the Plaintiff was represented by an attorney in violation of Conn. Agencies Reg. § 36a-647-4(a)(2).

32. Defendant's acts, as described above, were done willfully and knowingly.

33. As a result of the foregoing violations of the CCPA § 36a-645 *et seq.*, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Christyna Ziegler respectfully requests judgment be entered against Defendant, Weltman, Weinberg & Reis Co., LPA, for the following:

A. Declaratory judgment that Defendant violated the FDCPA and CCPA § 36a-812;

B. Actual damages pursuant to CCPA § 36a-648(a);

C. Statutory damages of $1,000.00 pursuant to CCPA § 36a-648(a);

D. Costs and reasonable attorney's fees pursuant to CCPA § 36a-648(a);

E. Actual Damages pursuant to 15 U.S.C. 1692k(a)(1); and

F. Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A); and

G. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3)

H. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

I. Any other relief that this Honorable Court deems appropriate.

Dated: September 25, 2018

RESPECTFULLY SUBMITTED,

By:*/s/ Daniel G. Ruggiero*
Daniel G. Ruggiero, Esq.
275 Grove Street, Suite 2-400
Newton, MA 02466
T: (339) 237-0343
F: (339) 707-2808
E: druggieroesq@gmail.com
Attorneys for Plaintiff
*Christyna Ziegler*